NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re PRESTON L. SCHOFIELD,**
*Petitioner*

---

2025-109

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 19-251.

---

**ON PETITION AND MOTION**

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Preston L. Schofield petitions for a writ of mandamus and moves for various relief, including to "certif[y] controlling questions of law regarding [his] discovery issue." ECF No. 9 at 1.

In 2019, Mr. Schofield, through counsel, appealed a Board of Veterans' Appeals decision to the United States Court of Appeals for Veterans Claims (CAVC No. 19-251). On December 27, 2019, the court granted the parties' joint motion to set aside the Board decision and remanded the

case for further adjudication.[1] No appeal from that remand order was taken to this court.

In October 2024, Mr. Schofield, on his own, began requesting "discovery" at the Court of Appeals for Veterans Claims relating to 19-251, seeking, among other things, "a complete copy of the fraudulent waiver of appeal that I allegedly signed or that is attributed to me." ECF No. 2-1 at 17. The court responded via email that it was unable to identify the waiver he was referencing and asked Mr. Schofield for further clarification whether he was referring to the parties' joint motion for remand. *Id.* at 23.

In his petition, Mr. Schofield, proceeding *pro se*, alleges that the Secretary of Veterans Affairs failed "to disclose discovery to Plaintiff in Case No. 19-251," Pet. at 6, and that the Court of Appeals for Veterans Claims "failed to issue an order or provide any relief regarding the requested disclosure of discovery materials," *id.* at 7. He also appears to take issue with the docket in 19-251 sealing certain filings that include personally identifiable information.

A writ of mandamus is an extraordinary remedy and may only issue if three requirements are met: (1) the petitioner has no other adequate means to attain the relief desired; (2) the petitioner must show a clear and indisputable right to the requested relief; and (3) the court must be convinced to exercise its discretion to issue the writ. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mr. Schofield has not met this demanding standard.

To the extent Mr. Schofield is seeking relief in his long-closed 19-251 appeal or challenging any action or inaction

---

[1] In 2020, Mr. Schofield petitioned the Court of Appeals for Veterans Claims for a writ of mandamus to take certain action in the remanded case, which the court denied. *Schofield v. Wilkie*, No. 20-5890. Mr. Schofield did not appeal the denial of mandamus to this court.

in response to his subsequent information requests, we cannot say he has shown entitlement to such relief. To the extent he seeks relief in connection with matters now before the Board, the petition fails at least because he has not shown inadequacy of the normal appeal process.

    Accordingly

    IT IS ORDERED THAT:

    The petition and all pending motions are denied.

FOR THE COURT

February 26, 2025
Date

Jarrett B. Perlow
Clerk of Court